UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEROLD LEE JONES,

    Plaintiff,

v.                                              Case No. 3:22cv23694-RV-HTC

JAMES OWENS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jerold Lee Jones, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 alleging the public defender's office violated his constitutional rights by allowing him to be prosecuted in 2012 while he was mentally incompetent. ECF Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed with prejudice, as the public defender does not act under color of state law for purposes of § 1983 and, in addition, the claims are time-barred and *Heck*-barred.

**I.    Background**

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Jefferson Correctional Institution. His complaint names James Owens, the former public defender for the First Judicial Circuit, as the Defendant.

The complaint sets forth the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

Plaintiff was arrested on January 27, 2012, and Leonard Platteborze from the public defender's office was appointed to represent him. Plaintiff told Platteborze he suffered from mental health issues, but Platteborze failed to ask for a mental health evaluation. Plaintiff claims he has been diagnosed with multiple mental health conditions, has been hospitalized on several occasions, and was experiencing psychotic episodes during his prosecution and sentencing. Plaintiff alleges the public defender exhibited deliberate indifference to his mental health needs and allowed him to be prosecuted while he was mentally incompetent, violating his rights under the Sixth, Eighth, and Fourteenth Amendments.[1] As relief, Plaintiff seeks $250,000, as well as $100 a day for every day of his incarceration.

## II.   Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the

---

[1] Plaintiff suggests the public defender discriminated against him because he was charged with sexual battery on a minor.

reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

#### A. Color of State Law

"To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998) (citation omitted). However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Here, because Plaintiff's claims against Owens are based solely on the actions his staff took during their representation of Plaintiff during his criminal proceedings, Owens and his staff did not act under color of state law and cannot be held liable under § 1983.

### B. Statute of Limitations

Even assuming the public defender acted under color of state law, Plaintiff's claims would still be subject to dismissal based on the statute of limitations. The Eleventh Circuit has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Because Plaintiff's claims are based on events that occurred in 2012, the claims are barred by the 4-year statute of limitations.

### C. *Heck*

In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). In other words, a § 1983 action cannot be used to collaterally attack a conviction or sentence unless the underlying conviction or sentence has been invalidated. *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 763 (11th Cir. 2020).

Here, Plaintiff alleges the public defender provided ineffective assistance of counsel by failing to raise the issue of Plaintiff's competency during his criminal

prosecution in 2012, during which he pleaded guilty to two counts of sexual battery on a person over 12 but under 18. To succeed on his claims and show counsel was constitutionally ineffective, Plaintiff would necessarily have to prove that he was incompetent to proceed, which would undermine the validity of his convictions.[2] *See Siskos*, 817 F. App'x at 766 (finding allegation prisoner was not competent during his trial proceedings "would necessarily implicate the validity of his convictions because … his convictions would necessarily rest on constitutionally faulty proceedings"). Thus, because Plaintiff's convictions have not been invalidated, his competency claims are barred by *Heck*.

## IV. Conclusion

Because Plaintiff's claims fail for multiple reasons, and those defects could not be addressed by the filing of an amended complaint, this case should be dismissed without giving Plaintiff an opportunity to amend his complaint. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted).

---

[2] Indeed, in 2017 Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising the same competency claim. *See Jones v. Florida*, N.D. Fla. Case No. 3:17cv414-LC-CAS, ECF Doc. 4. This Court denied relief on the claim, finding counsel's performance was not deficient because counsel had Plaintiff examined by a psychologist and "had no reason to question his current ability to understand the proceedings and assist counsel, or to make an informed voluntary decision whether to enter a plea." *Id.*, ECF Docs. 19, 20.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. That the clerk close the file.

At Pensacola, Florida, this 28th day of December, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.